IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PHYLLIS TOWN,                                          Civ. No. 3:10-cv-01301-AC

                        Plaintiff,                     FINDINGS AND
                                                            RECOMMENDATION

       v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                 Defendant.

_____

ACOSTA, Magistrate Judge:

      Claimant Phyllis Town ("Town") moves for attorney fees pursuant to 42 U.S.C. § 406(b),

which permits a court to award attorney fees to the attorney of a successful Social Security claimant,

so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent

of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

Although Town is the claimant in this case, the real party in interest to this motion is her attorney

Merrill Schneider ("Schneider"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Schneider is entitled to fees under section 406(b) in the amount sought.

*Procedural Background*

Town filed for Disability Insurance Benefits under Title II of the Social Security Act on December 20, 2006. The Commissioner denied her claim initially and on reconsideration. Town's claim was heard by an Administrative Law Judge ("ALJ") at an August 5, 2009, hearing. The ALJ found Town not disabled. Town requested review of this decision by the Appeals Council, which request was denied. Town then filed for review by this court on October 19, 2010.

Town challenged the ALJ's ruling on five grounds: the ALJ failed to take Town's mental limitations into account; the ALJ incorrectly concluded that Town's condition did not meet Listing 12.04; the RFC was unsupported by record evidence; the ALJ erroneously concluded that Town could perform past relevant work; and the ALJ erroneously concluded that Town could perform other jobs. The court agreed that the ALJ's analysis with respect to Town's mental impairments was flawed and credited her testimony as true. As such, it agreed that the ALJ's rulings at Step Two, Step Four, and Step Five, as well as the ALJ's formulation of Town's RFC were erroneous and reversed and remanded the case for reconsideration at the administrative level. Town received a letter on or around December 28, 2012, stating that she was entitled to approximately $55,353 in past-due benefits, and the court can reasonably conclude that she prevailed upon reconsideration.

*Discussion*

After entering a judgment in favor of a Social Security claimant who was represented by

counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S .C. § 406(b)(1)(A).  However, a "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'"  *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17, *adopted by*, 2010 WL 1029809 (March 17, 2010)).  A section 406(b) fee award is paid from claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant.  *Id*.  Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments.  *Gisbrecht*, 535 U.S. at 796.

I.    Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap.  Town and Schneider executed a contingent-fee agreement, providing that if Schneider obtained payment of past-due benefits, Town would pay him twenty-five percent of the past-due benefits awarded.  *See* Motion for Attorney Fees (#30), Attachment 2.  The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling.  This determination requires evidence of the retroactive benefits to be paid to the claimant.  Schneider has included a document from the Society Security Administration entitled "Notice of Award," which details the retroactive benefits due Town and states that it has

withheld $13,838.25, which amounts to "25 percent of past-due benefits to pay an authorized fee

. . . to pay your representative." (Motion for Attorney Fees (#22), Attachment 3 at 4.) Schneider

seeks payment, under section 406(b), of $7,838.25, which equals slightly more than fourteen percent

of Town's past-due benefits.[1] Thus, the requested award is within the statutory limit. After

determining that the fee agreement and the amount requested are in accordance with the statutory

limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*,

2009 WL 6067058, at *10.

II.    Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed

always to require a fee award of twenty-five percent of a claimant's retroactive benefits award.

*Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the

maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned

task of "'making reasonableness determinations in a wide variety of contexts'" would be

unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Schneider seeks approximately

fourteen percent of past-due benefits.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535

---

[1] In his memorandum, Schneider states that he seeks fees under section 406(b) of $7,838.25,
which, combined with the $6,000 already received for representation at the administrative level,
amounts to twenty-five percent of past due benefits. The court notes, however, that the payment of
fees at the agency level and the district court level are the result of distinct processes in that the
Social Security Administration is tasked with approving fees sought for representation at the agency
level. "Section 406(a) grants the Social Security Administration exclusive jurisdiction to award
attorney's fees for representation of a Social Security claimant in proceedings before the
Administration." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Thus, the court's analysis
is restricted to the fees, $7,838.25, sought for representation at this level.

U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).  The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award.  It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case."  586 F.3d at 1153.[2]

A.    *The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section

---

[2] For his part, Schneider continues to mischaracterize the *Gisbrecht* standard in his briefing on motions for section 406(b) attorney fees.  He cites *Gisbrecht* for the proposition that the amount provided for in the contingency fee agreement may only be reduced where the character of the representation or the results obtained are substandard.  This does not correctly capture the standard in *Gisbrecht* or its subsequent evolution.

406(b) fee award.  *Crawford*, 586 F.3d at 1151.  The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Schneider's representation. The court agreed with Schneider's core arguments that the ALJ erred in discounting Town's testimony as not credible and failing to include her mental limitations at several steps in the disability analysis.  Although the court did not agree that Town's limitations met a listing or that the ALJ meaningfully erred in ignoring the opinion of an examining doctor, the failure of these arguments which were rationally based on the record does not diminish the overall character of Town's representation.

   *B.     Results Achieved*

   The court reversed and remanded Town's claim for reconsideration, and Town was ultimately awarded benefits.  The result was, thus, positive and does not weigh in favor of reducing the amount of fees awarded.

   *C.     Undue Delays*

   A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel.  *Crawford*, 586 F.3d at 1151.  Here, Town's opening brief was filed on June 17, 2011, after the court granted two unopposed extensions of time, and approximately six weeks after the original due date for the opening brief.  The Commissioner timely filed the response brief on August 19, 2011.  Town again requested an unopposed extension to file her reply brief, which the court granted and Town subsequently filed her reply brief on September 20, 2011.

   Thus, Schneider requested a total of approximately two months in extensions to file the requisite briefs.  There is no evidence, however, that the requests were for the purpose of delaying the proceedings in order to accrue additional benefits.  As the court noted in *Pennington v.*

FINDINGS AND RECOMMENDATION        6                                    {KPR}

*Commissioner*, CV 07-1816-ST, 2010 U.S. Dist. LEXIS 97384, at *7-8 (D. Or. July 29, 2010): "The 'excessive delay doctrine' has its roots in earlier cases denying 25% fee requests in social security cases where several years passed between the completion of briefing and the rendering of judgment by the district court."  As the court there noted, the "type and magnitude of delay at issue" in the cases giving rise to the excessive delay doctrine is not present in this case.  *Id.*; *see also Clester v. Commissioner*, Civil No. 09-765-ST, 2011 U.S. Dist. LEXIS 9353, at *7-8 (D. Or. Jan. 7, 2011) ("Clester's attorney sought only two unopposed requests for extensions of time of 30 days each to file each brief, for a total of 60 days. These extensions of time are quite reasonable and do not suggest any intent to unnecessarily delay the proceedings in order to maximize the attorney's fee award. Thus, no deduction for delay is warranted.").  The total delay being no more than two months and not materially increasing the amount of past-due benefits, or the resulting fees, the court finds that this factor weighs neither for nor against a decrease in the fees awarded to Schneider.

      D.    *Proportionality*

      Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. Schneider requests $7,838.25 for 40.8 hours of work associated with litigating this case before the district court.  The requested fees amount to a rate of $192.11 per hour.

      Schneider argues that, in light of the substantial back benefits secured for his client, the amount requested is reasonable.  Here, Town received an award of $55,353.00 in back benefits and by his motion Schneider seeks less than fifteen percent of those benefits as fees for his

representation before this court. Schneider reports that he expended approximately forty hours

working on this particular case. A review of this court's decision reveals a relatively lengthy and

complex medical record involving numerous medical and mental health practitioners. As Judge

Mosman observed in *Harden v. Commissioner*, 497 F. Supp. 2d 1214, 1215-1216 (D. Or. 2007),

"[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time

to spend on a social security case that does not present particular difficulty." Accordingly, it was

reasonable for Schneider to spend approximately forty hours on this case that is at least average, and

potentially somewhat more complex than an average Social Security case. Furthermore, an effective

rate of $192.10 per hour is presumptively reasonable because the rate of payment is less than the

average hourly rate for an attorney in private practice in Portland as reported in the Oregon State Bar

2012 Economic Survey, the operative guide to attorney billing rates at the time of Schneider's

representation. *See Young v. Astrue*, Case No. 09-CV-23-AC, 2011 U.S. Dist. LEXIS 45934, at *28

(D. Or. Jan. 4, 2011) (referencing the predecessor Oregon State Bar 2007 Economic Survey and that

it is "used by the judges in this district as the 'initial benchmark' for determining reasonable hourly

rates applicable to attorney fee awards. The Survey reports that the average hourly non-contingent

bill rate in Portland is $244 per hour." (citations omitted)).

    *E.*    *Risk*

Schneider argues that the court should consider not only the specific risk posed by a

particular case, but the general risk undertaken by Social Security practitioners. He cites the

probability of prevailing in a Social Security case as a "multiplier" that should be applied to the

average fee for a civil attorney to determine "the hourly rate which would properly compensate

plaintiff's attorney for the risk of non-payment due to contingency and put him on equal footing with

the average Portland-area attorney." (Memorandum 5.) Schneider misreads *Gisbrecht* and *Crawford* on this point. The nature of contingency work is a factor to be considered when evaluating risk under *Crawford*, but the risk analysis should focus on the "complexity and risk involved in the specific case at issue . . . ." 586 F.3d at 1153.

To support his argument Schneider cites *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1299-1301 (9th Cir. 1992). That case has nothing to do with attorney fee awards under section 406(b) or Social Security in general, but instead involved a class-action lawsuit stemming from the largest municipal bond default in history. In fact, the risk analysis for Social Security contingent fee awards is specific to the particular case, as the Ninth Circuit made clear in *Crawford*: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1153 (specifically rejecting focusing on a "firm's overall success rate" to determine risk).

Schneider points to no risk specific to this case and, instead, argues that it was no *less* risky than other such cases. The court concludes that the degree of risk was typical and does not weigh either for or against a reduced fee award.

*Conclusion*

Based on the foregoing analysis, the court concludes that Town's Unopposed Motion for Attorney Fees (#30) should be granted and $7,838.25, in section 406(b) fees awarded.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 6, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

FINDINGS AND RECOMMENDATION          9          {KPR}

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of May, 2013.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge